UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED, ET AL. | CIVIL ACTION |
| Plaintiffs, | NO.: 22-4406-EEF-JVM |
| v. | JUDGE ELDON E. FALLON |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES | MAG. VAN MEERVELD |
| Defendant. | |

**ORDER AND REASONS**

The Court has before it Defendant U.S. Citizenship and Immigration Services's (USCIS) Motion to Dismiss persuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. R. Doc. 5. Plaintiffs have responded in opposition. R. Doc. 6. Having considered the parties arguments and the applicable law, the Court rules as follows.

I.     BACKGROUND

Plaintiffs in this case are Imtiaz Ahmed, a noncitizen who initially satisfied the necessary alien work requirements and obtained permission from USCIS to remain in the United States, and Ahmed's sponsoring employer. Almost ten years after this initial approval, USCIS reversed its position and revoked Ahmed's approval. Plaintiffs filed the instant suit, seeking to appeal that subsequent action. Defendants now move to dismiss Plaintiffs claim for lack of subject matter jurisdiction.

For noncitizen workers lawfully present in the United States, there is generally a three-step process for becoming a lawful permanent resident through an employer's sponsorship. *See*

*Mantena v. Johnson*, 809 F.3d 721, 724–25 (2d Cir. 2015) (describing the three-step process). First the employer must request and obtain a certification from the U.S. Department of Labor ("DOL") that there are insufficient U.S. workers "able, willing, qualified (or equally qualified in [certain cases]) and available" at the time of application for a visa and admission to the United States, and that the foreign worker's employment will not adversely affect wages and working conditions of others similarly employed in the United States. 8 U.S.C. § 1182(a)(5)(A)(i); 20 C.F.R. §§ 656.10, 656.24(b). Second, if the labor certification is approved, the employer must obtain approval from USCIS of a Form I-140 Immigrant Petition for Alien Worker in the applicable employment-based immigrant visa category. See 8 U.S.C. §§ 1154(a)(1)(F), (b); see also 8 C.F.R. §§ 204.5(c), (l)(1). Third, once USCIS approves the I-140 petition, the noncitizen worker may apply for adjustment of status to that of lawful permanent resident using a Form I-485 application which the Secretary of Homeland Security "may" grant. See 8 U.S.C. § 1255(a). If USCIS approves the noncitizen worker's I-485 application based on a valid, approved I-140 petition, the three-step process is complete, and the noncitizen becomes a lawful permanent resident or "green card" holder. *See Matovoski v. Gonzales*, 492 F.3d 722, 727 (6th Cir. 2007); 8 C.F.R. § 245.2(a)(5)(ii).

In 2007, Defendant approved Plaintiffs' properly filed Form I-140 (the "Form") for Mr. Ahmed, a citizen of Pakistan. Mr. Ahmed then submitted an I-485 application to for legal permanent residency in the United States. In 2012, with that I-485 application still pending, USCIS issued a notice of intent to revoke approval of Mr. Ahmed's Form I-140, explaining that a review of the petition and supporting evidence had revealed that the Form may have initially been approved in error. R. Doc. 5-3 at 1. In 2016, USCIS revoked approval of the Form, and rejected Mr. Ahmed's I-485 application.

After exhausting the administrative remedies to appeal this agency action, Plaintiffs filed the instant action in this Court, seeking review of USCIS's revocation of Mr. Ahmed's I-140 form as allegedly arbitrary and capricious. R. Doc. 1. Subsequently, Defendant filed the instant Motion to Dismiss, arguing, inter alia, that this Court lacks subject matter jurisdiction over this dispute. R. Doc. 5.

## II.    DISCUSSION

Under 8 U.S.C. § 1155 of the Immigration and Nationality Act (INA), Congress has explicitly authorized USCIS to revoke an immigrant visa petition filed on behalf of a noncitizen "at any time[,]" for whatever the agency "deems to be good and sufficient cause[.]" The Fifth Circuit, as well as nearly every other circuit, has upheld USCIS's substantive decisions to revoke immigrant visa petitions under 8 U.S.C. § 1155 as wholly discretionary determinations that are immune from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii). *See, e.g.*, *Ghanem v. Upchurch*, 481 F.3d 222 (5th Cir. 2007). Accordingly, Defendant argues that this Court is barred by those statutes from reviewing USCIS's discretionary decision to revoke Mr. Ahmed's I-140 form.

On the other hand, Plaintiffs assert that this Court can assert subject matter jurisdiction over this dispute under the Administrative Procedure Act's provision allowing for judicial review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. They point out that a court may set aside agency action which it finds to be arbitrary and capricious, an abuse of discretion, or not in accordance with law. R. Doc 6-2 at 5. Despite the INA's bars to judicial review of discretionary USCIS decisions, Plaintiffs claim that Defendant's revocation of the Form's approval presents "a question of pure law[,]" the review of which is not prohibited by the INA. *Id.* at 3; *see* 8 U.S.C. § 1252(a)(2)(D).

This argument is squarely foreclosed by Fifth Circuit precedent in two cases which Plaintiffs fail to address in their brief. In *Ghanem*, the Fifth Circuit held that 8 U.S.C. § 1155 vests compete discretion in the Secretary of Homeland Security to determine what constitutes "good and sufficient cause" for USCIS to revoke the approval of any petition approved by him under section 1154 of INA. While *Ghanem* dealt with a visa revocation and not an I-140 Form, the Fifth Circuit subsequently upheld a district court decision granting USCIS's motion to dismiss for lack of subject matter jurisdiction in a case involving a revocation of an I-140 Form. In *Khalil v. Hazuda*, 833 F.3d 463 (5th Cir. 2016), the Circuit rejected Khalil's argument that his case fell outside the scope of the INA's jurisdiction-stripping provision. As the district court explained in *Khalil*, "although *Ghanem* dealt with a visa revocation and not an I–140 petition . . . its holding that courts may not review the Secretary's revocation of 'any petition approved by him under section 1154' applies equally to revocations of petitions subject to § 1154(j)" such as the instant I-140 petition. *Khalil v. Hazuda*, No. CIV.A. H-14-2483, 2015 WL 4478861, at *4 (S.D. Tex. July 22, 2015), *aff'd*, 833 F.3d 463 (5th Cir. 2016). Accordingly, *Khalil* held that *Ghanem*'s holding that § 1155 vests discretion in the Secretary to determine what constitutes good and sufficient cause for revoking a visa or other petition issued under § 1154 applies to any revocation decision that the Secretary makes, including revocation of a I-140 form. Thus, this Court is without jurisdiction to review Mr. Ahmed's complaint.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss persuant to FRCP 12(b)(1) is hereby **GRANTED**.

New Orleans, Louisiana, this 8th day of March, 2023.

_____
United States District Judge